NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WATTANA KOTCHAI; PHAIRAT PHOONMAROENG, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-71200 <br><br> Agency Nos.  A206-540-907 <br> A206-540-908 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2019**
Honolulu, Hawaii

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

Petitioners Wattana Kotchai and Phairat Phoonmaroeng,[1] natives and

citizens of Thailand, petition for review of the Board of Immigration Appeals'

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]      Phoonmaroeng is Kotchai's husband and is included as a derivative
beneficiary of Kotchai's asylum application.

(BIA) order affirming the Immigration Judge's (IJ) denial of Kotchai's application for asylum. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA's adverse credibility determination is supported by substantial evidence. Kotchai testified inconsistently as to whether her 2013 Facebook posts critical of the Thai parliament were public or private. That inconsistent testimony was "not . . . a mere trivial error such as a misspelling," *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010), but was directly related to the plausibility of Kotchai's claim that the Thai government saw and investigated her Facebook posts. *See id.* at 1047 ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight."). Kotchai failed to provide an explanation for her inconsistent testimony. *See id.* at 1044 ("When an inconsistency is cited as a factor supporting an adverse credibility determination, . . . the petitioner's explanation for the inconsistency, if any, should be considered in weighing credibility.").

The BIA's adverse credibility determination is also supported by its finding that Kotchai inadequately explained why she was in the United States rather than in Thailand. The IJ reasoned that Kotchai's explanation—that she missed her husband and thought that her repeated visits to the United States would extend her visa expiration—suggested that Kotchai overstayed her visa for economic reasons, thus contradicting her claim that she applied for asylum due to fear of persecution. Kotchai's contention that the IJ should have been satisfied with Kotchai's

explanation, fails to demonstrate an "extraordinary circumstance[]" that "compel[s]" us to disagree with the IJ's credibility determination. *Id.* at 1041; 8 U.S.C. § 1252(b)(4)(B).[2]

In the alternative, substantial evidence supports the BIA's conclusion that Kotchai did not demonstrate a well-founded fear of future persecution. Kotchai's 2013 Facebook posts were critical of the parliament that was overthrown in 2014. While evidence indicates that the current government disproportionately punishes certain anti-government speech, there is no record evidence that the post-coup government is targeting those who were critical of the pre-coup government. For these reasons, the BIA did not err in concluding that Kotchai failed to demonstrate that her fear of future persecution is "objectively reasonable." *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (quoting *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004)).

**Petition DENIED.**

---

[2]    We are skeptical of the BIA's conclusion that Kotchai's references to a police officer as a "cousin," "distant relative," and "friend" were inconsistent given the various ways in which family friends may be described in Thai culture. But the BIA's conclusion is adequately supported on other grounds. *See Rizk v. Holder*, 629 F.3d 1083, 1088–89 (9th Cir. 2011).